**LARRY H. LUM, ESQ.**
Nevada Bar No. 14914
**KAREN L. BASHOR, ESQ.**
Nevada Bar No. 11913
**JONATHAN A. RICH, ESQ.**
Nevada Bar No. 15312
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Boulevard, South, Suite 200
Las Vegas, NV  89119
(702) 727-1400; FAX (702) 727-1401
larry.lum@wilsonelser.com
karen.bashor@wilsonelser.com
jonthan.rich@wilsonelser.com
*Attorneys for Defendant Nevada Property 1 LLC d/b/a The Cosmopolitan Hotel*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACOB NADAV;<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA PROPERTY 1 LLC, d/b/a COSMOPOLITAN HOTEL; a domestic limited liability company; DOE EMPLOYEES OF THE COSMOPOLITAN HOTEL; DOES 1-25, inclusive; ROE CORPORATION 1-25, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-01116-RFB-EJY<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION** |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.     This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit,

1  deposition transcript, inspection and all other electronic and tangible items.

2      2.    The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit.

    3.    Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

    4.    Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached as Ex. A hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

    5.    Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

    6.    If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

    7.    In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such

1  testimony is identified and designated on the record at the deposition, or (2) non-designating counsel
2  is notified of the designation in writing within thirty days after receipt by the designating party of
3  the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the
4  interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material is
5  incorporated in a deposition transcript, the party designating such information confidential shall
6  make arrangements with the court reporter not to disclose any information except in accordance
7  with the terms of this Order.

8        8.     If a deponent refuses to execute a Confidentiality Agreement, disclosure of
9  Confidential Material during the deposition shall not constitute a waiver of confidentiality.  Under
10 such circumstances, the witness shall sign the original deposition transcript in the presence of the
11 court reporter and no copy of the transcript or exhibits shall be given to the deponent.

12       9.     If a party wishes to attach Confidential Material to a non-dispositive motion or other
13 filing (excluding dispositive motions) with the Court, then that party will notify the designating
14 party of its intent to attach the Confidential Material to the filing in writing at least ten (10) days
15 before filing.  If the designating party believes that the release of the Confidential Material is adverse
16 to the terms of this stipulation, then the non-designating party will bring a motion to seal the non-
17 dispositive motion or other filing.

18       10.    If any party makes inadvertent disclosure of any document or information that is subject
19 to an objection on the basis of privilege or the attorney work product doctrine, the disclosure will not
20 be deemed to waive that party's claim to its privileged or protected nature or estop that party or
21 privilege holder from designating the information or document as privileged or subject to the attorney
22 work product doctrine. Any party receiving any such information or documents shall return the
23 information or documents and any copies of the same upon written request from the producing party.
24 Upon receiving such a request as to specific information or documents, the receiving party shall return
25 the information or documents and any copies of the same to the producing party within five (5)
26 business days, regardless of whether the receiving party agrees with the claim of privilege and/or
27 work-product protection. If the information or document is disclosed by the non-producing party to a
28 third party in accordance with the provisions of this Order prior to the designation as subject to

privilege and/or the attorney work product doctrine, the party that inadvertently disclosed the document or information is not deemed to waive its claim to the privileged or protected nature and is not estopped from designating the information or document as privileged and/or subject to the attorney work product doctrine. Furthermore, the non-producing party must send a request in writing to the third party to whom the document or information was disclosed no later than five (5) days after a request for return of the documents or information and any copies of the same from the producing party, requesting that the third party to whom it was produced return the information or documents and any copies of the same to the non-producing party. Upon receipt of the documents or information and any copies of the same from the third party, the non-producing party must return the documents and/or information and any copies of the same to the producing party within five (5) days of the non-producing party's receipt of the same from the third party. As outlined in paragraph 15 below, nothing in this Order prevents the parties from challenging any assertion of privilege.

11. If a party wishes to to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal.

12. Papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal addressing the specific reasons for filing these documents under seal pursuant to *Kamakana v. City of Cnty. Of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [INSERT DATE]." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

13. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

14. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

15. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

16. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

17. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

18. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

19. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

Dated: October 3, 2023                                          Dated: October 3, 2023

**WILSON ELSER**                                          **HICKS & BRASIER, PLLC**

*/s/ Jonathan A. Rich*                                          */s/ Tex J. Boonjue*
Larry H. Lum, Esq.                                              Alison M. Brasier, Esq.
Nevada Bar No. 14914                                            Nevada Bar No. 10522
Karen L. Bashor, Esq.                                           Tex J. Boonjue, Esq.
Nevada Bar No. 11913                                            Nevada Bar No. 15016
Jonathan A. Rich, Esq.                                          *Attorneys for Plaintiff*
Nevada Bar No. 15312
*Attorneys for Defendant Nevada Property 1 LLC*
*d/b/a The Cosmopolitan Hotel*

## ORDER

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   October 3, 2023

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, affirm that I have read the foregoing Stipulation and Order to Protect Confidential Materials and Information entered in *Melva Strange v. Nevada Property 1 LLC*, et al., Case No 2:23-cv-1012-ART-EJY ("Protective Order"), currently pending before the United States District Court, District of Nevada ("District Court"), governing the documents produced by the parties in this case. I have read the Protective Order governing documents produced by the parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the District Court for the purpose of enforcing the Protective Order.

I hereby affirm under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this _____ day of _____, 202__.

_____
Signature

_____
Printed Name